# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JAVIER GARCIA, <br> Defendant. | Case No. 10-cr-00301-BLF-4 |
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JAVIER GARCIA, <br> Defendant. | Case No. 15-cr-00288-BLF-1 <br><br> **ORDER DENYING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER** |

On December 7, 2018, Defendant Javier Garcia filed an "Appeal of Magistrate Judge's Order," seeking relief from Magistrate Judge Susan van Keulen's order denying Defendant's request for release from detention in the above captioned cases. The Government filed opposition on December 18, 2018. The matter thereafter was submitted for decision without oral argument.

For the reasons discussed below, Defendant's request for relief from Judge van Keulen's order is DENIED.

## I. BACKGROUND

<u>Judgment in Case No. 10-cr-00301</u>

In March 2011, Defendant Javier Garcia was convicted of conspiracy to distribute cocaine in Case No. 10-cr-00301. Judgment, ECF 164 in Case No. 10-cv-00301. Garcia was sentenced to a 46-month term of imprisonment followed by a 3-year term of supervised release. *Id.* Supervised release commenced on September 12, 2014. Pet. for Arrest, ECF 319 in Case No. 10-cv-00301.

<u>Form 12 Re Violation of Supervised Release Conditions in Case No. 10-cv-00301</u>

On December 22, 2014, a Petition for Arrest Warrant was filed alleging Charges 1-6 against Garcia based on violations of standard and special conditions of supervised release. Pet. for Arrest, ECF 319 in Case No. 10-cv-00301. Specifically, the Petition alleged violations of: standard condition number 1 that Garcia not leave the judicial district without the permission of his probation officer (Charge 1); standard condition number 2 that Garcia submit monthly reports to his probation officer (Charge 2); standard condition number 3 that Garcia answer truthfully all inquiries by his probation officer and follow the instructions of the probation officer (Charges 3-4); standard condition number 6 that Garcia notify his probation officer at least 10 days prior to a change in residence or employment (Charge 5); and special condition number 2 that Garcia participate in substance abuse assessment and treatment and testing (Charge 6). *Id.*

On January 18, 2015, Garcia was arrested after police officers entered his home in connection with their pursuit of another individual and found methamphetamine in Garcia's possession. *See* Order Denying Motion to Suppress, ECF 380 in Case No. 10-cv-00301. An Amended Petition for Arrest Warrant was filed adding Charges 7 and 8, both arising from the methamphetamine found in Garcia's possession. Am'd Petition, ECF 326 in Case No. 10-cv-00301. A Second Amended Petition for Arrest Warrant was filed to reflect Garcia's indictment for possession of methamphetamine, discussed below. Second Am'd Petition, ECF 366 in Case No. 10-cv-00301.

<u>Indictment in Case No. 15-cr-00288</u>

On May 28, 2015, a single-count indictment issued in Case No. 15-cr-00288, charging

2

Garcia with possession with intent to distribute methamphetamine. Indictment, ECF 1 in Case No. 15-cv-00288.

### Denial of Motion to Suppress

Garcia moved to suppress evidence recovered from his home on January 18, 2015 and post-arrest statements he made to police. The motion was filed in both Case No. 10-cv-00301 with respect to the Revocation of Supervised Release proceedings, and in Case No. 15-cv-00288 with respect to the prosecution on the methamphetamine charge. *See* Motion to Suppress, ECF 372 in Case No. 10-cv-00301, ECF 25 in Case No. 15-cv-00288. The Court denied the motion to suppress in an order dated April 15, 2016. Order Denying Motion to Suppress, ECF 380 in Case No. 10-cv-00301, ECF 32 in Case No. 15-cv-00288.

### Judgment Revoking Supervised Release in Case No. 10-cv-00301

On October 25, 2016, the Court held coordinated proceedings in Case No. 10-cr-00301 and Case No. 15-cv-00288, which included a Stipulated Facts Bench Trial. With respect to the Revocation of Supervised Release proceedings in Case No. 10-cv-00301, the Government withdrew Charge 1, Garcia admitted Charges 2-6, and the Court found Garcia guilty of Charges 7-8. Criminal Minutes, ECF 393-1, 404 in Case No. 10-cv-00301. The Court sentenced Garcia to 24 months imprisonment (time served) and 12 months of supervised release. Criminal Minutes, ECF 404 in Case No. 10-cv-00301. The Court entered judgment on the Supervised Release Violation on February 13, 2017. Judgment on SRV, ECF 405 in Case No. 10-cv-00301.

### Judgment in Case No. 15-cv-00288

With respect to Case No. 15-cv-00288, the Court found Garcia guilty on the single count (Count 1) of the Superseding Indictment, charging possession with intent to distribute methamphetamine. Criminal Minutes, ECF 48 in Case No. 15-cv-00288. The Court sentenced Garcia to 30 months imprisonment and 3 years of supervised release, the sentence to run concurrent to the sentence imposed on the Supervised Release Violation in Case No. 10-cv-00301. Criminal Minutes, ECF 52 in Case No. 15-cv-00288. The Court entered judgment in Case No. 15-cv-00288 on February 13, 2017. Judgment, ECF 55 in Case No. 15-cv-00288.

### Notices of Appeal in Case No. 10-cv-00301 and Case No. 15-cv-00288

Garcia filed a Notice of Appeal in both Case No. 10-cv-00301 and Case No. 15-cv-00288. The Ninth Circuit consolidated the appeals.

### Form 12 Re Violation of Supervised Release Conditions in SRV Judgment
### Case No. 10-cr-00301

On July 3, 2017, while the appeal was pending, a Petition for Arrest Warrant was filed in Case No. 10-cv-00301, alleging Charges 1-3 against Garcia based on violations of standard and special conditions of supervised release imposed in the SRV Judgment in Case No. 10-cv-00301. Pet. for Arrest, ECF 430 in Case No. 10-cv-00301. Specifically, the Petition alleged violations of: standard condition number 7 that Garcia not possess or use a controlled substance (Charge 1); special condition number 2 that Garcia participate in substance abuse assessment and treatment and testing (Charge 2); and standard condition number 3 that Garcia answer truthfully all inquiries by his probation officer and follow the instructions of the probation officer (Charge 3). *Id.*

Garcia was a fugitive for approximately one year, but eventually he self-surrendered and was arrested in August 2018. Upon his initial appearance before Magistrate Judge Susan van Keulen, Garcia was ordered detained. Detention Order, ECF 449 in Case No. 10-cv-00301.

### Form 12 Re Violation of Supervised Release Conditions in Judgment
### Case No. 15-cv-00288

Also on July 3, 2017, the identical Petition for Arrest Warrant was filed in Case No. 15-cv-00288, alleging Charges 1-3 against Garcia based on violations of standard and special conditions of supervised release imposed in the Judgment in Case No. 15-cv-00288. Upon his initial appearance before Magistrate Judge Susan van Keulen, Garcia was ordered detained. Detention Order, ECF 89 in Case No. 15-cv-00288.

### Ninth Circuit's Reversal of Order Denying Motion to Suppress

While Supervised Release Violation proceedings were pending in Case No. 10-cv-00301 and Case No. 15-cv-00288, the Ninth Circuit Court of Appeals issued a memorandum decision on Garcia's consolidated appeal. *United States v. Garcia*, 2018 WL 4360990 (9th Cir. Sept. 13, 2018). The Ninth Circuit characterized Garcia's appeal as seeking relief "from the district court's

order denying his motion to suppress evidence recovered from his residence and post-arrest statements he made to police." *Id.* at *1. The Ninth Circuit reversed the denial of the motion to suppress and remanded to this Court for further proceedings, observing that because this Court had concluded that no Fourth Amendment violation occurred, this Court had not considered whether the exclusionary rule applied to the seized evidence or to Garcia's post-arrest statements. *Id.* at *3. The Mandate issued on October 5, 2018. Mandate, ECF 452 in Case No. 10-cv-00301, ECF 92 in Case No. 15-cv-00288.

This Court has set a briefing schedule on the applicability of the exclusionary rule, and a hearing on that matter is set for February 6, 2019.

<u>Magistrate Judge van Keulen's Order Denying Request for Release from Detention</u>

On November 27, 2018, Garcia filed a memorandum before Magistrate Judge van Keulen seeking release from detention, arguing that (1) changed conditions mitigated his risk of flight, and (2) the Ninth Circuit's memorandum decision implicitly vacated his convictions and sentences in Case No. 10-cv-00301 and Case No. 15-cv-00288, including the imposition of supervised release. Absent a valid sentence imposing supervised release, Garcia argued, the Court is without jurisdiction to detain him for violation of supervised release conditions.

Judge van Keulen denied Garcia's request for release from detention. Order on Defendant's Request for Release, ECF 458 in Case No. 10-cv-00301, ECF 98 in Case No. 15-cv-00288. Garcia appeals that denial to this Court.

**II. STANDARD OF REVIEW**

Garcia's motion is governed by 18 U.S.C. § 3145, which provides in relevant part:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

Under this provision, the district court reviews a magistrate judge's detention order de

5

1 novo. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). "[T]he district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193. However, "the district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate," and "the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." *Id.*

### III. DISCUSSION

As noted above, Garcia sought release from detention on two grounds, arguing first that changed conditions mitigated his risk of flight, and second that the Ninth Circuit's memorandum decision implicitly vacated his convictions and sentences in Case No. 10-cv-00301 and Case No. 15-cv-00288, including the imposition of supervised release. With respect to the first asserted ground for relief, Judge van Keulen found that Garcia did not meet his burden to provide clear and convincing evidence that he is not a flight risk. Order on Defendant's Request for Release at 2, ECF 458 in Case No. 10-cv-00301, ECF 98 in Case No. 15-cv-00288. With respect to the second asserted ground for relief, Judge van Keulen found that the Ninth Circuit's memorandum decision "does not expressly or implicitly overturn the underlying conviction that led to the sentence of supervised release at the core of the proceedings here." *Id.* at 3.

Garcia concedes that he presented insufficient information to show that he was not a flight risk, and he does not challenge that aspect of Judge van Keulen's order at this time. Def.'s Appeal at 2, ECF 459 in Case No. 10-cv-00301, ECF 99 in Case No. 15-cv-00288. He challenges only Judge van Keulen's determination that the Ninth Circuit's memorandum decision did not vacate the sentences of supervised relief which the current Form 12 petitions allege have been violated.

Having considered de novo the record in this case and the Ninth Circuit's memorandum decision, without deference to Judge van Keulen's ruling, this Court concludes that Judge van Keulen properly denied Garcia's request for release from detention. The Ninth Circuit's decision clearly was limited to a reversal of the denial of Garcia's suppression motion, and the matter was remanded for further proceedings before this Court to determine whether the evidence recovered from Garcia's home should be excluded. Accordingly, the SRV Judgment in Case No.

10-cv-00301 and the Judgment of Conviction in Case No. 15-cv-00288 remain intact, including the terms of supervised release giving rise to the current Form 12 petitions.

Moreover, as the Government points out, the exclusionary rule does not apply in revocation of supervised release proceedings. *See United States v. Hebert*, 201 F.3d 1103, 1104 (9th Cir. 2000). In *Herbert*, proceedings were brought to revoke supervised relief based on a single alleged violation of possession of methamphetamine which was found in a warrantless search of the defendant's residence. The defendant moved to suppress the methamphetamine as the fruit of an unconstitutional search. The district court denied the motion to suppress after finding that the search was valid. The defendant appealed, contesting the legality of the search. On appeal, the Ninth Circuit held that it need not address the merits of the defendant's argument regarding the validity of the search, because "the exclusionary rule does not apply to supervised release revocation hearings." *Herbert*, 201 F.3d at 1104. The Ninth Circuit affirmed the district court's denial of the suppression motion on that basis. *Id.*

Finally, even if this Court were to exclude the evidence recovered from Garcia's residence, that ruling would implicate only the judgment of conviction in Case No. 15-cv-00288. The SRV Judgment in Case No. 10-cv-00301 was based in part on Garcia's admission of Charges 2-6, which alleged violations of standard and special conditions of release having nothing to do with the evidence that was the subject of the suppression motion. *See* Hrg. Tr. at 4-5, ECF 439 in Case No. 10-cv-00301; Judgment on SRV, ECF 405 in Case No. 10-cv-00301. It is clear from the transcript of the revocation hearing that Garcia's admission of Charges 2-6 was sufficient, standing alone, to support imposition of the sentence he received, 24 months imprisonment (time served) and 12 months supervised release. *Id.*

**IV. ORDER**

Garcia's appeal of Judge van Keulen's order denying his request for release from detention is DENIED.

Dated: December 21, 2018

BETH LABSON FREEMAN
United States District Judge